**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BAKTYKUL KYDYGALIEV,<br>Petitioner,<br><br>v.<br><br>LEONARD ODDO, et. al.,<br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 26-1857 |

**MEMORANDUM OPINION**

Pending now before the court is a Petition for Writ of Habeas Corpus (ECF No. 2) filed by counsel on behalf of Baktykul Kydygaliev ("Kydygaliev"). Leonard Oddo, et.al. (collectively, "Respondents") filed a response (ECF No. 6). The petition is ripe for decision.

Kydygaliev, a native and citizen of Kyrgystan, asserts that the abrupt revocation of his humanitarian parole and subsequent detention without bond several years after his 2023 entry into the United States to join his wife and children is unlawful and that he is entitled to an individualized review before his parole can be revoked. Kydygaliev seeks immediate release or an individualized bond hearing.

Respondents characterize this as an "arriving alien" case, but acknowledge that courts in this circuit have ordered individualized bond hearings to take place in the immigration court (ECF No. 6 at 2). Respondents also acknowledge that the Court of Appeals for the Third Circuit decided in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3rd Cir. Aug. 28, 2026) (a 2-1 decision), that certain detained petitioners (i.e., those who have lived in the United States for extended periods of time with no criminal record and are not subject to a final removal order) are entitled to a bond hearing (ECF No. 6 at 1-2 & n.1).

In *Akhmadjanov v. Oddo*, No. CV 3:25-35, 2025 WL 660663 (W.D. Pa. Feb. 28, 2025), another member of this court explained that arriving aliens have a due process right to an individualized bond hearing if their detention becomes unreasonable:

> Recently, this Court also held "that an arriving alien such as Petitioner has a constitutional due process right to a bond hearing once his detention becomes unreasonable to the same extent as an alien who is subject to removal under § 1226(c)." *A.L. v. Oddo*, No. 3:24-CV-302, 2025 WL 352471, at *2 (W.D. Pa. Jan. 6, 2025); *see also Pierre*, 350 F. Supp. 3d at 332 (collecting cases that determined "arriving aliens detained under § 1225(b) have a due process right to avoid unreasonably prolonged detention"). Further, in *A.L.*, this Court determined that "[i]n assessing whether detention has become unreasonable, this Court ... appl[ies] the same factors laid out in *German Santos [v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020)]." *A.L.*, 2025 WL 352471, at *3. The *German Santos* factors are as follows: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay, such as a detainee's request for continuance; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11; see id. at 211 ("The most important factor is the duration of detention."). An analysis of these factors weighs in favor of granting Petitioner an individualized bond hearing.

*Id.* at *4.

The petition does not provide sufficient information for the court to apply the *German Santos* factors to this case. Respondents, however, concede that if this court concludes that *Buele Morocho's* reasoning would apply to this kind of case, the petition may be granted to the extent it seeks an individualized bond hearing (ECF No. 6 at 3). The court so concludes.

<u>Conclusion</u>

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 2) will be GRANTED IN PART and DENIED IN PART. It will be GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties

shall provide notice to the court of the outcome of the bond hearing. The petition will be DENIED to the extent it requests any additional relief.

An appropriate Order will be entered.

Dated: October 2, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge